IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHELSEA NEWBY individual, CHYNNA
ELYCE NEWBY a minor by CHELSEA
NEWBY, her mother and guardian,   07cv0437
**ELECTRONICALLY FILED**

Plaintiffs,

v.

THE CITY OF DUQUESNE, ET AL.,

Defendants.

## MEMORANDUM OPINION

**October 3, 2007**

Before the Court are two motions to dismiss the complaint, both of which will be granted for the reasons set forth herein.

On April 2, 2007, plaintiffs Chelsea Newby and her minor daughter, Chynna Newby, filed a "Complaint in Civil Action Pursuant to the Provisions of 42 U.S.C. § 1983 for Violation of Plaintiff's [sic] Civil Rights under Color of State Law and Breach of Contract" (doc. no. 1) in the United States District Court for the Western District of Pennsylvania, against the City of Duquesne, Pennsylvania ("City"), the Chief of Police for the City, Richard Adams, "Municipality #1," seven "John Does" are alleged to be "employed by the City of Duquesne or a surrounding community [presumably, "Municipality #"] as a police officer," Constable Gordon McIntyre, and four private citizens, Daniel and Dawn Toboz and Cheryl and Scott Schademan.

The complaint alleges that plaintiff Chelsea Newby is the "Buyer" of property at 639 South Fifth Street in Duquesne Pennsylvania pursuant to an installment land contract (which was supposed to be attached as Exhibit A to the complaint, but was not) with four "Sellers," the

Toboz and Schademan Defendants.  According to plaintiffs, on April 1, 2005, defendant Adams prepared an affidavit of probable cause (which was supposed to be attached as Exhibit B to the complaint, but was not) for a search warrant to search at 639 South Fifth Street in Duquesne Pennsylvania for one Antwon Williams, and on that same day, the John Does executed the warrant at the premises at about 7:00 pm, and without properly knocking and announcing, broke down the door and held the two plaintiffs in the premises until Antwon Williams later arrived, in handcuffs.  After searching the premises and finding a gun, Williams was escorted by the John Does out of the premises, apparently under arrest.  While this recitation so far could provide the genesis for a civil rights action, the complaint then takes a strange and unrelated twist.

Plaintiffs assert that on September 26, 2005, three of the four private individual Defendants had attended a party with "Officer Adams" who told them that he had found "a gun and "$11,000 in my home . . . [and] that Mr. Antwon Williams was a drug dealer even though there were no drug paraphernalia found in my home."  Complaint, ¶ 30.  Defendant Dawn Toboz informed Chelsea Newby that the Schademans were upset by the situation, and by October 18, 2005, Defendant Toboz advised Newby by letter  (which was supposed to be attached as another Exhibit B to the complaint, but was not) that she was in breach of the installment land contract and that immediate payment was required.

Based on those averments, plaintiffs filed the federal court action purporting to state the following causes of action: Count I, 42 U.S.C. § 1983, against police officer defendants for unreasonable search and seizure in violation of the Fourth Amendment; Count II, 42 U.S.C. § 1983, against  police officer defendants for interference with contractual relations; Count III, 42 U.S.C. § 1983, against the City "and/or Municipality #1" for "deliberate indifference in training"

police officers, Complaint, ¶ 52; and Count IV, Breach of Contract, against "Defendants Toboz and Schademan"for demanding accelerated payment on the full balance on the installment land contract.

Defendants City of Duquesne and Adams have filed a motion to dismiss (doc. no. 10) pursuant to Fed.R.Civ.P. 12(b)(4) and (5) for failure to properly and timely serve these Defendants.  The Toboz and Schademan Defendants have filed a motion to dismiss (doc. no. 12) pursuant to Fed.R.Civ.P. 12(b), for a number of reasons, including lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), failure to state a claim, Fed.R.Civ.P. 12(b)(6), and failure to properly and timely serve pursuant to Fed.R.Civ.P. 12(b)(5).  After careful consideration of said motions and the Toboz and Schademan Defendants' brief in support, and plaintiffs' woefully inadequate response thereto, the Court will grant both motions and will dismiss the claims against the City and its Chief of Police and John Doe officers without prejudice, and those against the remaining individual Defendants with prejudice.

### City of Duquesne and Police Chief Adams

The Court agrees with these Defendants that service of summons and complaint has not been properly made under Fed.R.Civ.P. 4(m).  Fed.R.Civ.P. 4(m) provides that if service of the summons and complaint is not made within 120 days after the filing of the complaint, the Court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time."  If the plaintiff shows good cause for the failure, the Court shall extend the time for service.

In *Petrucelli v. Bohringer and Ratzinger, GMBH*, 46 F.3d 1298 (3d Cir.1995), the Court of Appeals established a guideline for district courts when analyzing whether to dismiss a case

pursuant to Rule 12(b)(5) and Rule 4(m) or to extend time for service for Plaintiffs. The district court must "first determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id*. at 1305.

In determining whether good cause exists for the extension of time for service under Rule 4(m), district courts should consider the following: (1) the reasonableness of plaintiff's efforts to serve [movants] properly, (2) the prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve. *Cunningham v. New Jersey*, 230 F.R .D. 391, 393 (3d Cir. 2005), citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086 (3d Cir. 1995).

There is no question that plaintiffs have failed to make service on the City, in accordance with Fed.R.Civ.P. 4(j), or upon chief Adams, in accordance with Fed.R.Civ.P. 4(e).  Service by certified mail is not an acceptable substitute, and plaintiffs' mailing of Waiver of Service forms to any Defendants (as plaintiffs claim to have done) is not a substitute for service where the forms were never executed and returned, although Defendants' failure to reasonably execute such waiver requests would entitle plaintiffs to costs of service. Fed.R.Civ.P. 4(d).  Plaintiffs have not shown *any* diligence in seeing that the complaints were served, nor have they shown good cause for the failure to serve the complaint within 120 days as required by Rule 4(m).

The Court finds no good cause for plaintiffs' failure to effectuate service, and will dismiss the claims against these Defendants without prejudice, pursuant to Fed.R.Civ.P. 12(b)(5).

**Constable McIntyre**

The Court could *sua sponte* dismiss any claims against this defendant without prejudice pursuant to Fed.R.Civ.P. 4(m).  However, because plaintiffs have not made *any* factual averments or claims against this defendant whatsoever, the Court will dismiss the complaint against defendant McIntyre with prejudice.

**The Toboz and Schademan Defendants**

Before addressing these Defendants' motion to dismiss, the Court must note the twist on the proceedings.  On April 11, 2006, Defendants Daniel Toboz and Scott Schademan filed a civil action in the Court of Common Pleas of Allegheny County, Arbitration Division, against plaintiff Chelsea Newby for breach of the installment land purchase contract. There was an arbitration proceeding on October 3, 2006, which went against Newby.  Attorney William Helzlsouer, her attorney in this federal action, filed an appeal to the Court of Common Pleas of Allegheny County from the adverse award of the panel of arbitrators, and a hearing was scheduled before the Honorable Eugene Scanlon on July 23, 2007.  On July 22, 2007, plaintiffs filed a Notice of Removal of the state court action to this Court and docketed it at the existing federal action at (doc. no. 3).  The state court has stayed further proceedings herein.

There are any number of good reasons to dismiss the original federal action and the removal action against these defendants with prejudice, but two principle reasons will suffice. First, the removed action presents the classic case for application of *Rooker-Feldman*, namely, the state court loser tries to circumvent the adverse decision in state court by morphing it into a federal court action.  See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The *Rooker-Feldman* doctrine is a question of federal subject matter jurisdiction that this Court is not free to ignore. *Gulla v. North Strabane Township*, 146 F.3d 168, 170-71 (3d Cir. 1998). "Under the *Rooker-Feldman* doctrine, lower federal courts cannot entertain [federal] claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). Moreover, the state level decision need not be of its highest court, and the *Rooker-Feldman* doctrine applies equally to final decisions of lower state courts. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 364 F.3d 102, 104 (3d Cir. 2004), *citing FOCUS*, 75 F.3d at 840.

A district court can grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of the claim, but dismissal is proper only when the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682 (1946). See also *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974) (claim must be "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy"). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion. See *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Second, whatever plausible civil rights claims that the plaintiffs may have against the City and its officers (if they are ever properly served), it is *painfully* obvious from the averments of the complaint that the claims against the individual Toboz and Schademan Defendants have nothing whatsoever to do with any possible Fourth Amendment violations by the municipal

6

Defendants.  Because the claims against these Defendants (who, like plaintiffs, are citizens of Pennsylvania) are completely independent and are not part of the same transaction or occurrence that generated the section 1983 - Fourth Amendment claim, this Court cannot assert supplemental jurisdiction over the state law breach of contract claims under 28 U.S.C. § 1367 ("Except as [otherwise] provided . . . , in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are *so related to claims in the action* within such original jurisdiction *that they form part of the same case or controversy* under Article III of the United States Constitution.").

      Plaintiffs' purported federal claims against the individual Defendants are insubstantial and are made solely for the purpose of obtaining jurisdiction. If the Court had any doubt, plaintiffs' response to the motion to dismiss would quickly dispel such doubt, since plaintiffs' entire argument against dismissal consists of this: "14.  The relevant allegations against Defendants Daniel Toboz, Dawn Toboz, Scott Schademan and Cheryl Schademan are set forth in the complaint filed in this case."  Plaintiffs' Reply (doc. no. 14), at ¶ 14.  Plaintiffs have not met their burden of persuasion.

      Because this Court does not have jurisdiction over plaintiffs' claims against the Toboz and Schademan Defendants, the Court will dismiss said claims with prejudice.

**Municipality #1 and All John Does**

Plaintiffs have made no attempts to identify or serve any John Doe police officers who may have been employed by the City or by some unknown surrounding community on April 1, 2005. The Court will dismiss these claims with prejudice for failure to prosecute or serve.

An appropriate order will be entered.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties